In the Matter of the Application of CONSTANT WEBSTER and Others, as Commissioners of Highways of the Town of Chatham, Columbia County, New York, Respondents, for an Order Requiring PHILIP PURCELL, as Commissioner of Highways of the Town of Kinderhook, Columbia County, New York, Appellant, to Unite and Join with the Commissioners of Highways of Said Town of Chatham in the Repairing or Rebuilding of a Bridge over a Stream Dividing Said Towns of Chatham and Kinderhook.

*Bridge in Columbia county — the town of Ghent, not the town of Kinderhook, must repair it.*

While chapter 91 of the Laws of 1818, by which act and the proceedings taken thereunder the town of Kinderhook in the county of Columbia was relieved from the duty of maintaining a certain bridge and such duty was imposed upon the town of Ghent in that county, was repealed by subdivisions 128 and 549 of section 1 of chapter 21 of the Laws of 1828 (second meeting), the rights and liabilities of the two towns in respect to such bridge were preserved by the saving clause contained in section 5 of the act of 1828 which provides: " The repeal of any statutory provision by this act shall not affect any act done or right accrued or established, or any proceeding, suit or prosecution had or commenced in any civil case previous to the time when such repeal shall take effect, but every such act, right and proceeding shall remain as valid and effectual as if the provision so repealed had remained in force."

PARKER, P. J., dissented.

APPEAL by Philip Purcell, as commissioner of highways of the town of Kinderhook, Columbia county, N. Y., from an order of the Supreme Court, made at the Columbia Special Term and entered in the office of the clerk of the county of Columbia on the 10th day of May, 1902, compelling him to unite with the commissioners of highways of the town of Chatham in the repairing or rebuilding of a bridge over a stream dividing the two towns.

*Frank S. Becker,* for the appellant.

*Gardenier & Smith,* for the respondents.

KELLOGG, J.:

It appears from the affidavits of the appellant used on the application referred to that by an act of the Legislature passed in 1818 (Chap. 91) the town of Ghent was created from portions of

the territory forming the then existing towns of Chatham, Claverack and Kinderhook, and, through said act and proceedings taken under said act, the town of Ghent was charged with the maintenance of that portion of said bridge now sought to be charged to the town of Kinderhook, and, the town of Kinderhook was thereby forever relieved from maintaining the same; that ever since the said charge was made upon the town of Ghent, up to the present time, that town has accepted and discharged that burden and is still solely liable to erect and maintain the west half of the bridge referred to, and that Kinderhook has never at any time assumed such burden and is under no legal obligation to do so. These are facts which are established by the opposing affidavits, and none of these alleged facts are denied by the applicant. No proof was taken by the court and no referee was appointed to establish the truth of the facts alleged, and it does not appear that the learned court considered the facts alleged in opposition to the motion, or regarded them as important in the granting of the order appealed from. If these allegations had been denied and the court had deemed that the granting or withholding of the order in any manner depended upon the facts alleged, without doubt in a matter of such importance to the town of Kinderhook the court would have provided a way for the trial of the issues raised. But the learned court proceeded to a decision based solely on the ground that chapter 91 of the Laws of 1818 was repealed by subdivisions 128 and 549 of section 1 of chapter 21 of the Laws of 1828 (2d session),* and held that the saving clause contained in section 5 of the last-mentioned act related only to private or individual rights at the time existing. In this we think the learned court was in error. The saving clause referred to reads as follows : " The repeal of any statutory provision by this act shall not affect any act done or right accrued or established, or any proceeding, suit or prosecution had or commenced in any civil case previous to the time when such repeal shall take effect, but every such act, right and proceeding shall remain as valid and effectual as if the provision so repealed had remained in force." It would be difficult to create a saving clause in broader terms. If by the act of 1818 and the proceedings taken under it the town of Kinderhook acquired a

---

* Bound with Laws of 1829.— [REP.

right or was relieved of a specific burden and the town of Ghent was charged with that burden, certainly this is one of the obligations which the saving clause protected. It cannot be reasoned that the adoption of the act of 1828 had in it any intention of changing the established relations of these towns respecting this particular bridge. The rights of these towns must be determined by the act of 1818 and the proceedings taken under that act.

The order must, therefore, be reversed. If any future application, by suit or otherwise, shall be made, the town of Ghent should, on the facts before us in this record, be made a party.

All concurred, except PARKER, P. J., dissenting.

Order reversed, with ten dollars costs and disbursements, and the application denied without prejudice to any future proceeding or action.